DEFENDANT'S EXHIBIT 1

## IN THE DISTRICT OF CHEROKEE COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1. MADELYN H. CORKERN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1. OSTEOPATHIC MEDICAL )<br>    EDUCATION CONSORTIUM )<br>    OKLAHOMA, INC. )<br>    (d/b/a OMECO), and )<br>)<br>2. NORTHEASTERN HEALTH )<br>    SYSTEM (a/k/a Tahlequah Hospital )<br>    Authority, a Public Trust), )<br>)<br>Defendants. ) | Case No. CJ-18- 84<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

### PETITION

**COMES NOW THE PLAINTIFF,** and hereby pleads her claims as follows:

### PARTIES

1.  The Plaintiff is Madelyn H. Corkern, an adult resident of Ohio.

2.  The Defendants are:

    A.  Osteopathic Medical Education Consortium of Oklahoma, Inc. (d/b/a OMECO), a domestic for-profit corporation doing business in Tahlequah, Oklahoma.

    B.  Northeastern Health System (a/k/a Tahlequah Hospital Authority, a Public Trust), operating in Cherokee County, Oklahoma.

1

DEFENDANT'S EXHIBIT 1

## VENUE

3. Plaintiff's claims are for discriminatory failure to hire based on age, and retaliatory failure to hire after Plaintiff complained of age discrimination, in violation of the Age Discrimination in Employment Act (ADEA) and Oklahoma's Anti-Discrimination Act (OADA).

4. The Defendants are located and doing business in Cherokee County, and the actions giving rise to this action occurred in Cherokee County, such that venue is proper.

## STATEMENT OF FACTS

5. The Defendants, jointly and/or separately, employed at least twenty or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year and are all employers under the ADEA. There is no minimum employee requirement under the Oklahoma Anti-Discrimination Act.

6. Around March 28, 2017, the Plaintiff applied for a position as medical resident of the Defendants' Family Medicine Program.

7. A resident is an employee in that they are paid in exchange for providing services.

8. Plaintiff was qualified to be a resident of the Family Medicine Program.

9. The Family Medicine Program, to Plaintiff's knowledge and understanding, was at the relevant time jointly administered by the Defendants.

10. Upon receiving Plaintiff's application, Janie Rodriguez, Coordinator of the Defendant's Graduate Medical Education Department, sent an email to the hiring

committee advising against accepting Plaintiff as a resident. The reason given, in pertinent part, was that Plaintiff was an "older (50'ish) physician" who was at a "different stage in life" than the other residents.

11. Ms. Rodriguez's email was erroneously forwarded to the Plaintiff, who read the email and complained that the Defendants were engaging in age discrimination.

12. Thereafter, the Plaintiff was not accepted as a resident and not hired into the residency program.

13. Plaintiff was over forty at the time of her application to, and rejection from, the residency program.

14. As a direct result of the Defendants' discriminatory and retaliatory conduct the Plaintiff has suffered (and continues to suffer) wage loss (including back, present and front pay, along with the value of benefits associated with such wages.

15. At the least, significant factors in the decision to not hire the Plaintiff by accepting her into the Residency program, was the Plaintiff's age and/or her complaint of age discrimination.

16. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on May 10, 2017. The EEOC issued Plaintiff her right to sue letter on April 12, 2018, and Plaintiff received such letter thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

17. Discrimination on the basis of age violates the ADEA and OADA.

18. Plaintiff is entitled under both federal and state law to her wage loss, including back, present and front pay, along with the value of benefits associated with such wages.

19. Because the Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of liquidated damages under federal law. Plaintiff is entitled to an award of liquidated damages under the OADA without an additional showing of recklessness or willfulness.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs, and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS** __14__ **DAY OF MAY, 2018.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

_____
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
Kristin E. Richards, OBA #33255
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: Amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED